IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. GARY WESTERNOFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C-RISK, INC,<br><br>　　　　Defendant. | No. C-07-1230 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT; SCHEDULING CASE MANAGEMENT CONFERENCE** |

　　　Before the Court is defendant C-Risk, Inc.'s ("C-Risk") "Motion to Vacate Default Judgment," filed March 17, 2011. Plaintiff W. Gary Westernoff, appearing through judgment assignee Kathy Sullivan, has filed opposition, to which C-Risk has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 27, 2011, and rules as follows.

　　　By the instant motion, C-Risk seeks an order setting aside the default judgment entered August 28, 2007. C-Risk argues it was not properly served with the summons and complaint, and, consequently, the judgment is void. See Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding default judgment "void" where plaintiff "failed to serve [defendant] properly"); Fed. R. Civ. P. 60(b)(4) (providing court may "relieve a party . . . from a final judgment" where "the judgment is void").

At the outset, the Court notes that David Grenier ("Grenier"), the President of C-Risk, has joined in the motion, for the reason that the caption of the judgment lists Grenier as the defendant. The caption, however, is incorrect in that regard, as the complaint names only one defendant, specifically, C-Risk, and the Clerk of the Court, at plaintiff's request, issued only one summons, specifically, a summons with respect to C-Risk. (See Docket Entry dated March 16, 2007). Indeed, the docket correctly describes the judgment as having been entered against C-Risk. (See Docket Entry No. 19.)[1] In short, C-Risk is the only defendant to the above-titled action.

The Court next turns to the issue of whether plaintiff properly served C-Risk.

To properly serve a corporation, a plaintiff must follow the procedure set forth in Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 4(h)(1)(B), or alternatively, the procedure provided by the law of the state in which either the district court is located or where service is made, see Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). In the instant case, those states are, respectively, California and Oregon.

Here, plaintiff has failed to show C-Risk was properly served under any of the alternative means provided by federal and state law.

First, plaintiff has not shown C-Risk was served in accordance with the procedure set forth in Rule 4(h)(1)(B). Specifically, plaintiff has failed to show Jeannette Hunt, an employee of a UPS Store in Portland, Oregon, with whom the summons and complaint were left by plaintiff's process server (see Declaration of Rik Fuller, filed May 2, 2007), was an "officer" or "managing or general agent" of C-Risk. See Fed. R. Civ. P. 4(h)(1)(B). Nor has plaintiff shown such individual was "any other agent authorized by appointment or by law to receive service of process." See id.

//
//

---

[1] The error in the caption of the judgment appears to have resulted from an error in the caption of plaintiff's application for entry of default judgment, in which plaintiff incorrectly identified the defendant as "David Grenier, individually and dba C-Risk, Inc., a Delaware Corporation."

In particular, although the statute on which plaintiff relies, California Business & Professions Code § 17538.5, requires a person who receives mail at a "commercial mail receiving agency" ("CMRA") to "sign an agreement" authorizing the CMRA to "act as agent for service of process," see Cal. Bus. & Prof. Code § 17538.5(c), § 17538.5(d)(1), said statute is only applicable if the CMRA is located "in this state," i.e., in California, see Cal. Bus. & Prof. Code § 17538.5(d)(1). Although plaintiff has shown C-Risk received mail at the above-referenced UPS Store in Oregon (see Grover Decl., filed April 20, 2011, ¶ 2, Ex. A), plaintiff has not argued, let alone made a showing, that C-Risk received mail at a UPS Store, or any other CMRA, in California. Consequently, under federal law, plaintiff has not shown process was served on an authorized agent of C-Risk.[2]

For the same reasons, plaintiff has not shown C-Risk was served in accordance with the procedure provided by California law.

Lastly, plaintiff has not shown C-Risk was served in accordance with the procedure provided by Oregon law. Even assuming plaintiff engaged in a "diligent inquiry" to locate C-Risk at a location other than the UPS Store in Portland, plaintiff has not shown he mailed the summons and complaint to C-Risk at the address at which the summons and complaint were delivered, i.e., the UPS Store, as is required under Oregon law. See Or. R. Civ. Proc. 7D(3)(a)(iv).

Accordingly, C-Risk is entitled to an order vacating the default judgment.

## CONCLUSION

For the reasons stated above, the motion is hereby GRANTED; the judgment entered August 28, 2007 is hereby VACATED; and entry of default is hereby SET ASIDE.

//
//

---

[2] Plaintiff cites no Oregon law, nor has the Court located any, requiring a person who receives mail at a CMRA in Oregon to sign an agreement authorizing the CMRA to act as an agent for service of process. Cf., e.g., Or. Rev. Stat. § 646.221 (defining "mail agent," but including no requirement that such "mail agent" act as agent for service of process on persons who use its services).

3

A Case Management Conference is hereby scheduled for July 8, 2011, at 10:30 a.m., in Courtroom 7. A Joint Case Management Statement shall be filed no later than July 1, 2011.

**IT IS SO ORDERED.**

Dated: May 25, 2011

_____
MAXINE M. CHESNEY
United States District Judge